Walter S. Bogle, Defendant in Error, v. L. Weber, Plaintiff in Error.

Gen. No. 19,610. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in this court at the October term, 1913. Reversed. Opinion filed October 13, 1914.

## Statement of the Case.

Action by Walter S. Bogle against L. Weber in the Municipal Court of Chicago. The action was in tort, and as stated in the statement of claim was "for the reasonable value of repairing the walls in the halls of the building owned by the plaintiff at 668 Roscoe street, Chicago, Ill., which were damaged by defendant or her agent in moving defendant's furniture from said building on or about May 1, 1912."

The walls damaged were the halls of a building in which defendant had leased apartments from the plaintiff. Her lease being about to expire she made, as the stipulation of facts on which the case was tried states, "a contract with Murphy Bros. to remove her said furniture from said apartment and agreed to pay and did pay Murphy Bros. a certain specific sum of money for moving all of said furniture and Murphy Bros. agreed to move said furniture without damaging the same and to deliver said furniture safely at another apartment.

"Murphy Bros. was a firm or copartnership having an office and place of business in the City of Chicago and were engaged in the business of drayage and teaming. Prior to the making of the contract aforesaid, the defendant had never employed Murphy Bros. in any capacity and had had no business relations with Murphy Bros. Defendant gave no directions as to the manner of moving said furniture to Murphy Bros., the said contract providing simply that Murphy Bros. at its own risk so far as defendant was concerned should move said furniture from said apartment and receive as compensation therefor the said price agreed on."

It was further stipulated that Murphy Bros. were careless in moving the said furniture and in so doing damaged the walls in the halls of said apartment building, and that if the plaintiff was entitled to recover at all against the defendant he was entitled to recover $22.50.

A trial was had without a jury and plaintiff recovered a judgment for $22.50. To reverse the judgment, defendant prosecutes a writ of error.

EDWIN H. CASSELS, FRANCIS ADAMS, JR., and KENNETH B. HAWKINS, for plaintiff in error.

GUERIN, GALLAGHER & BARRETT, for defendant in error; EARL B. WILKINSON, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

LANDLORD AND TENANT, § 197*—*when tenant not liable for injury to premises.* Where a tenant contracted with persons to move her furniture from an apartment building and the movers damaged the walls of the halls of the building and suit was brought by the owner of the building against the tenant to recover the damages, *held* under a stipulation of facts in the case that the movers were independent contractors and that the tenant was not liable.

---

## Abraham Greenblodt, Defendant in Error, v. Chicago Railways Company, Plaintiff in Error.

### Gen. No. 19,620.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim sufficient to inform defendant as to nature of case.* A statement of claim in a fourth-class case in the Municipal Court for personal injuries, *held* to reasonably inform the defendant of the nature of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.